UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80716-CIV-MARRA

ALLOY WHEELS, INC.,
a Florida corporation,

Plaintiff,

vs.

WHEEL REPAIR SOLUTIONS INTERNATIONAL,
INC., a Georgia corporation,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Dismiss (DE 6). The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On July 3, 2012, Defendant Wheel Repair Solutions International, Inc. ("Defendant") filed a Notice of Removal of Plaintiff Alloy Wheels, Inc.'s ("Plaintiff") state court complaint with this Court. (DE 1.) The four-count complaint arises out of a franchise agreement between the parties. (Compl., DE 1-1.) According to the allegations of the complaint, Defendant is in the business of repairing automotive wheels and selling franchises for its wheel repair business. Defendant offers exclusive territories and "le[a]d[s] franchisees to believe that [it] will not grant a franchise to any other franchise within an already granted exclusive territory." (Compl. ¶ 6.)

In early 2008, Plaintiff and Defendant began negotiating for the sale of a franchise to Plaintiff.  Defendant told Plaintiff that it granted Plaintiff a franchise with an exclusive territory that covered parts of Palm Beach and Broward counties for a period of five years with an option

to renew at the expiration of the initial five year term. Defendant represented that Plaintiff's exclusive territory extended to the southern boundary of Sunrise, Florida at Sunrise Boulevard; east to the ocean; and west to the Everglades at United States 441 and the Sawgrass Expressway (hereinafter, "the territory"). (Compl. ¶ 7.) Plaintiff "was shown" an agreement that awarded Plaintiff this territory. (Compl. ¶ 20.) Plaintiff "believes that given the absence of any written agreement and the dispute over such a material term as the boundary for the exclusive territory that no agreement exists between the parties." (Compl. ¶ 14; see Compl. ¶ 22.)

Plaintiff paid Defendant $50,000.00 for the franchise and the territory. Plaintiff also made monthly royalty payments to Defendant in the amount of $44,002.07. Plaintiff worked "very hard" to develop Defendant's name and brand in the South Florida market to the exclusion of developing Plaintiff's own name, reputation and good will. (Compl. ¶ 8.) In 2011, Plaintiff discovered that Defendant took the position that the southern boundary of Plaintiff's territory only extended to West Cypress Avenue, depriving Plaintiff of a significant portion of the territory. Plaintiff also discovered that Defendant granted the portion of the territory south of West Cypress Avenue to another franchisee. (Compl. ¶ 9.)

To resolve the dispute, Plaintiff requested Defendant produce the signed franchise agreement describing the territory granted to Plaintiff. Defendant has never produced the signed agreement and "it now appears that no franchise agreement ever actually existed between Plaintiff and Defendant." (Compl. ¶ 10.)

Defendant now moves to dismiss the complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue. According to Defendant, the franchise agreement requires that Plaintiff's claims be brought in Georgia. In support, Defendant submits a record

from the Florida Department of State, Division of Corporations, which shows that Plaintiff did not exist in 2008, when the franchise agreement was signed. (Division of Corporations record, Ex. 1, DE 6-1.)  Defendant also submits a copy of a complaint it has filed in Georgia state court against Plaintiff and its principals, Julian and Catherine Ysaguirre (the "Ysaguirres").  In that complaint, Defendant alleged that a different entity, J.C.'s Collision and Custom Paint, Inc., made the payments referenced by Plaintiff in the instant complaint. (Georgia state court complaint, Ex. 2, DE 6-2.)  Defendant attached to the Georgia state court complaint a form copy of the franchise agreement.  Defendant states it is unable to locate the original franchise agreement signed by the parties. (Franchise Agreement, Ex. B, DE 6-2.)  Section 10.5 of the franchise agreement submitted by Defendant states, in pertinent part, "The parties agree that any action brought by either party against the other shall be brought in Georgia (except for a claim arising out of or related to Franchisee's misuse of the Marks, which may be brought in any court of competent jurisdiction). . ." (Section 10.5 of Franchise Agreement.)

Defendant has also supplied an email dated January 25, 2008, and sent from Howard Dunlap, Defendant's executive vice-president of franchise sales, to the Ysaguirres, which attached a copy of the "Uniform Franchise Offering Circular." (Jan. 25, 2008 email, Ex. A, DE 6-2; Dunlap Aff. ¶¶ 2, 5, DE 8-1.)  Mr. Dunlap's affidavit states that, on February 11, 2008, Mr. Ysaguirre, executed the franchise agreement and Mr. Dunlap has seen the agreement in Defendant's files. (Dunlap Aff. ¶¶ 7-8.)  At some point later, the Ysaguirres, asked Mr. Dunlap for a signed copy of the franchise agreement, but Mr. Dunlap was unable to find it. (Dunlap Aff. ¶¶ 9-10.)  Mr. Dunlap states that the Ysaguirres never suggested that they believed they did not sign the franchise agreement. (Dunlap Aff. ¶ 11.)  According to Mr. Dunlap, even after the

Ysaguirres indicated they did not have the franchise agreement, they still came to Defendant's headquarters to pick up equipment. (Dunlap Aff. ¶ 12.)

II.  Discussion

In the Eleventh Circuit, a motion to dismiss on the basis of a forum selection clause is brought pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure as a motion to dismiss for improper venue. Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir.1998). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 10 (1972). The Court may make any findings of fact necessary to resolve a motion to dismiss for improper venue, so long as the resolution of factual disputes is not an adjudication on the merits of a case. Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir.2008). Determining the reasonableness of a forum selection clause is a fact-specific inquiry to be made on a case-by-case basis. Green Island Holdings, LLC v. British Am. Isle of Venice (BVI), Ltd., No. 09–80207–CIV, 2009 WL 1730954, at * 1 (S.D. Fla. June 18, 2009) (citing Shankles v. Costa Armatori, S.P.A., 722 F.2d 861, 864 (1st Cir.1983)).  "The court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper. "  Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004); see Walker v. Hallmark Bank & Trust, Ltd., 707 F. Supp. 2d 1322, 1325 (S.D. Fla. 2010) (the court may "consider matters outside the pleadings if presented in a proper form by the parties").

With this standard in mind, the Court finds that the forum selection clause applies and the

motion to dismiss is granted.  With respect to whether the parties' franchise agreement contained a forum selection clause, the complaint is vague on this point.  For example, the complaint states that "it now appears that no franchise agreement ever existed" (Compl. ¶ 10).  At the same time, the complaint alleges that Plaintiff was "shown an agreement" (Compl. ¶ 20), but does not say whether Plaintiff signed an agreement.[1]  Taken in the light most favorable to Plaintiff, the allegation is that no written franchise agreement ever existed.

Defendant, however, has submitted evidence that it emailed the Ysaguirres a copy of the franchise agreement. (Jan. 25, 2008 email from Dunlap to Yasaguirres.)  Defendant has also submitted the affidavit from its executive vice-president of franchise sales which avers that the Ysaguirres signed the franchise agreement. (Dunlap Aff. ¶¶ 7-8.)  Plaintiff has not refuted this evidence.  Significantly, Plaintiff has not submitted an affidavit from one of its principals stating that Plaintiff never executed an agreement with the forum selection clause.  For purposes of this motion, Plaintiff cannot simply rely upon the unsworn allegations of the complaint.  For this reason, the Court concludes that Plaintiff has not met its burden of raising a factual issue with respect to the execution of a franchise agreement containing a forum selection clause mandating disputes be resolved in Georgia.[2]

---

[1] The Complaint also states "[t]he truth is no actual franchise agreement exists or ever existed." (Compl. ¶ 22.)  The Court assumes Plaintiff means that no *written* franchise agreement existed between the parties. Otherwise, it is unclear why Plaintiff would pay Defendant to develop Defendant's name and brand.  (Compl. ¶ 20.)

[2] In so ruling, the Court rejects Plaintiff's argument that Defendant has not provided any evidence that there is a signed forum selection agreement.  (Resp. at 1.) Additionally, the Court also rejects Plaintiff's assertion that the Court must accept the allegations of the Complaint as true.  (Id.)  While that is the standard for a motion to dismiss brought pursuant Rule 12(b)(6), it is not the standard for a motion to dismiss for improper venue, as highlighted supra. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (when considering a motion to dismiss pursuant to

For theses reasons, the Court grants Defendant's motion to dismiss.[3]

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 6) is **GRANTED.** The Clerk shall **CLOSE** the case and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of August, 2012.

_____
KENNETH A. MARRA
United States District Judge

---

Rule 12(b)(6), the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted).

[3] The Court also notes that the complaint does not allege fraud relating to the inclusion of the forum selection clause in the franchise agreement. As such, fraud is not a basis to preclude enforcement of the forum selection clause. See First Pacific Corp. v. Sociedade de Empreendimentos e Construcoes, LTDA., 566 So. 2d 3,4 (Fla. Dist. Ct. App. 1990).